### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SHADE LAWAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Civil Action Number** |
| ) | **2:11-CV-00988-RDP-JEO** |
| ERIC HOLDER and HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

Shade Lawal, presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the Stewart Detention Center in Lumpkin, Georgia, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). His primary contention is that his detention, without an administrative determination that he is a danger to society or a flight risk, pending the resolution of removal proceedings pursuant to 8 U.S.C. § 1226(c)[1] violates his Fifth Amendment right to due process.[2] In addition to the petition, Lawal has filed several motions: Emergency Request to Expedite Order (Doc. 9); Emergency Motion of Removal of Deportation Officer (Doc. 10); Emergency Motion for an Interlocutory Restraining [Immigration Judge] Order of Removal Pending Court of Appeals Consider [*sic*] the Legality of a Removal Order (Doc. 17);

---

[1] Section 1226(c)(1) provides that the "Attorney General shall take into custody any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).

[2] Although Lawal titles his petition as a "Request to Stay Removal Proceeding and Emergency Request for an Order to Treat Petitioner Illness or Release Petitioner on Bond to Seek Emergency Medical Treatment at No Cost to Government," he does not seek such relief in the body of his petition. (Doc. 1). Regardless, this court lacks jurisdiction of such relief. By statute, a request for stay of removal proceedings must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Further, to the extent he alleges inadequate medical care, such claims must be brought as a civil action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1999).

Emergency Motion to Enforce Release of Documents (Doc. 19); and Emergency Motion to Enforce Compensation Prior to Removal or Enforce Release Pending Outcome of all Actions in Court (Doc. 21). For the reasons discussed below, the undersigned finds that Lawal is subject to the mandatory detention provisions of § 1226(c), and that his continued detention pending resolution of the removal proceedings is reasonable under the particular facts of this case. Additionally, all pending motions are due to be denied as either moot or because they request relief that is beyond this court's jurisdiction.

## FACTUAL BACKGROUND

Lawal is a native and citizen of Nigeria. (Doc. 12-1 at 1 ¶ 3). He entered the United States at an unknown date and received lawful permanent resident status on October 13, 1981. (*Id*. at 1 ¶ 7). Since receiving lawful permanent resident status, he has been convicted of Theft by Taking on two separate occasions and three counts of Employment Insurance Fraud on a third occasion. On May 20, 2010, ICE charged Lawal with being deportable from the United States pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony and § 237(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude. (*Id*. at 2 ¶ 17). On December 28, 2010, ICE detained Lawal pending his removal pursuant to § 236(c) of the INA, codified at 8 U.S.C. § 1226(c). (*Id*. at 2 ¶ 18). The factual background of his convictions and detention is detailed below.

On June 2, 1989, Lawal was convicted of a Theft by Taking in the Superior Court of Dekalb County, Georgia. (Doc. 12-1 at 1 ¶ 10). Due to his prior conviction for three counts of Forgery in October 1978, INS issued an Order to Show Cause, Notice of Hearing and Warrant for Arrest of Alien. (*Id*.) The record is unclear as to the status of this warrant. In October 1994, INS issued another Order to Show Cause, Notice of Hearing because Lawal had been convicted of Theft by

Shoplifting in the State Court of Clayton County, Georgia. (*Id*. at 2 ¶ 11). On September 21, 1995, Lawal was granted a waiver under § 212(c) of the INA and deportation proceedings were subsequently terminated. (*Id*. at 2 ¶ 12).

On April 27, 2001, Lawal was convicted of Theft by Taking in violation of O.C.G.A § 16-8-2 in the State Court of Cobb County, Georgia and sentenced to 24-months confinement. (Doc. 12-1 at 2 ¶ 13).

On November 20, 2008, Lawal was convicted of three counts of Employment Insurance Fraud in violation of O.C.G.A. § 34-8-256 in the Superior Court of Cobb County, Georgia. (*Id*. at 2 ¶ 14). After violating his probation for the conviction, Lawal was incarcerated at the Cobb County Adult Detention Facility. (*Id*. at 2 ¶ 15).

On April 8, 2010, Lawal was found guilty of violating his probation. (*Id*. at 2 ¶ 16).

On May 20, 2010, the Department of Homeland Security personally served Lawal with a Notice to Appear, charging him with removablilty pursuant to INA § 237(a)(2)(A)(ii) and (iii). (*Id*. at 2 ¶ 17).

On December 28, 2010, Lawal was taken into ICE custody for failure to comply with his sentence for Employment Insurance Fraud. (*Id*. at 2 ¶ 18).

On January 26, 2011, Lawal requested a bond hearing. (Doc. 12-1 at 2 ¶ 19). Two days later, an Immigration Judge in Atlanta denied Lawal's bond request, finding that he was subject to mandatory detention. (*Id*.) On February 2, 2011, Lawal requested redetermination of decision on his request for bond. (*Id*. at 3 ¶ 20). On February 17, 2011, the Immigration Judge denied Lawal's request for a change in custody. (*Id*.)

On May 19, 2011, the Immigration Judge held a hearing on Lawal's request for relief from removal under §§ 212(h) and 212(I) of the INA. (Doc. 18-2). On June 14, 2011, the Immigration

3

Judge issued an opinion finding Lawal ineligible for a waiver from removal and ordered him removed from the United States to Nigeria pursuant to §§ 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii). (*Id*.) Lawal reserved his right to appeal this decision. (Doc. 18-1 at 2 ¶ 20).

On June 16, 2011, ICE transferred Lawal to the Stewart Detention Center in Lumpkin, Georgia. (Doc. 18-1 at 3 ¶ 21). On June 27, 2011, Lawal's Notice of Appeal was timely received by the Board of Immigration Appeals ("BIA"). (*Id*.) As of November 7, 2011, Lawal's case was pending.

## ANALYSIS

Lawal first contends that his detention violates his due process rights because it does not "serve[] a Government interest, such as preventing flight or danger to the community." (Doc. 1 at 1). The Supreme Court foreclosed this argument in *Demore v. Kim*, 538 U.S. 510 (2003), by holding that mandatory detention pursuant to § 1226(c) is "constitutionally permissible." 538 U.S. at 531. In so holding, the Supreme Court rejected the claim that due process required the INS (predecessor to ICE) to determine whether he posed a danger to society or a risk of flight before detaining him. *Id*. at 523. The Supreme Court distinguished *detention during removal proceedings* pursuant to § 1226(c) from *detention following a determination of removalabilty* pursuant to § 1231(a)(1)(A) by emphasizing that "[u]nder § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]."[3] *Id*. at 532. Consistent with *Demore*, Lawal's allegations of due process violations resulting from his detention during the removal proceedings are without merit.

---

[3] The Supreme Court reasoned that detention during removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to and during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id*. at 527-28.

Second, Lawal contends that Homeland Security has "not proof [*sic*] their burden of evidence," "fabricated incomplete of records and evidence," and "wanted to take" away his right to represent himself during his removal proceedings. (Doc. 1 at 1-2). Lawal also contends that the Immigration Judge violated his due process rights because he "was not afforded a full and fair hearing, the decision which denied petitioner from showing evidence, and the [Immigration Judge] was bias[ed] and acted arbitrarily" in denying his due-process argument, request for counsel, and the opportunity to submit evidence. (*Id.* at 2). He also asserts that the Immigration Judge failed to consider his illness, lack of treatment, rehabilitation, and the hardship his removal would have on others. (*Id.* at 3).

This court lacks jurisdiction over these claims because they relate to the merits of the Immigration Judge's decision on his request for relief from removal and the actions of the Department of Homeland Security. This court's jurisdiction is limited to reviewing Lawal's challenge as to his *detention* as opposed to his *removal*. *See Zadvydas v. Davis*, 533 U.S. 679 (2001); *see also* 8 U.S.C. § 1231(a)(1) (describing how a removal order becomes final); 8 U.S.C. § 1252(e) (divesting district courts of jurisdiction to review discretionary decisions regarding release, detention, and denial of bond). In the event a final order of removal is entered and Lawal disagrees with the decision, he is required to challenge that decision by filing a petition in the *court of appeals*. Congress has curtailed the jurisdiction of district courts by providing that the court of appeals is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Indeed, district courts lack subject matter jurisdiction over "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Additionally, this court lacks jurisdiction to review the discretionary actions of the Department of

Homeland Security. Title 8 U.S.C. § 1252(a)(2)(B) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review* -
>
> ...
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

(Emphasis added.)

Third, Lawal contends that his convictions are "not for removable offenses" and that he is "independently eligible for statutory relief from removal." (Doc. 1 at 2). In support of this argument, he asserts that none of his prior convictions constitute aggravated felonies because his sentence "had been modified to only 9 months" and that his "first crime also was modified to a 200.00 fine." (*Id*. at 4). Lawal also asserts that the Georgia Court of Appeals vacated his conviction for Theft by Taking and that he was "only charged with [a] traffic violation instead, and ordered to pay 200.00 dollars fine." (*Id*.) Additionally, he contends that as to his conviction for Employment Insurance Fraud, his "appeals [of] the state habeas and federal habeas all were granted, by various courts, therefore, [his] second case is still open and [he] will be exonerated in all of it." (*Id*. at 5). Despite his assertions, Lawal has failed to submit any evidence indicating that his convictions have been modified or vacated. Indeed, the only related documentation he submits is an Order from the Northern District of Georgia granting his *in forma pauperis* application for a habeas petition pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for Employment Insurance Fraud. This does not constitute any relief on the merits. (Doc. 1 at 48). Indeed, in the

6

June 14, 2011, opinion, the Immigration Judge also noted that Lawal "claimed that the sentences for his criminal convictions had been modified and/or overturned," but that "no evidence in support of this claim has been submitted to the Court." (Doc. 18-2 at 4). Because they are not supported with documentation (or anything else for that matter), Lawal's contentions that the convictions have been modified or vacated are without merit.

Furthermore, as referenced above, Lawal's arguments about the merits of his *removal* are premature and inappropriate for this court to address. But even if the court liberally construes Lawal's petition to also assert that he is improperly *detained* under § 236(c)(1)(B), these claims are also without merit. The court finds no error in ICE's detention of Lawal pursuant to § 236(c)(1)(B). His convictions for Theft by Taking, in violation of O.C.G.A. § 16-8-2, and Employment Insurance Fraud, in violation of O.C.G.A. § 34-8-256, constitute two crimes involving moral turpitude for purposes of § 237(a)(2)(A)(ii). The Eleventh Circuit has defined the term "moral turpitude" as "[g]enerally, a crime involving dishonesty or false statement," and crimes of theft and fraud clearly involve dishonest actions and false statements. *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002) (quotation marks and internal citations omitted); *see also Matter of Kochlani*, 24 I.. & N. Dec. 128, 129 (B.I.A. 2007) ("crimes that have a specific intent to defraud as an element have always been found to involve moral turpitude"); *Chiaramonte v. INS*, 626 F.2d 1093, 1097 (2d. Cir. 1980) (holding that theft is a crime of moral turpitude).

Fourth, Lawal's argument that "[t]he BIA ruling denying reviewing [*sic*] by saying petitioner is not eligible for 212(c) relief under AEDPA section 440(d) was bolony [*sic*]" (Doc. 1 at 3-4), appears to refer to the Immigration Judge's June 14, 2011 opinion, and is improperly before this court because, as stated above, his order of removal is not final and the court of appeals is the proper forum for such relief.

7

Finally, Lawal's Emergency Request to Expedite Order (Doc. 9), is now moot in light of this opinion, and his Emergency Motion of Removal of Deportation Officer (Doc. 10), Emergency Motion for an Interlocutory Restraining IJ Order of Removal Pending Court of Appeals Consider [*sic*] the Legality of a Removal Order (Doc. 17), Emergency Motion to Enforce Release of Documents (Doc. 19), and Emergency Motion to Enforce Compensation Prior to Removal or Enforce Release Pending Outcome of all Actions in Court (Doc. 21), are due to be denied because they seek relief beyond the scope of this court's jurisdiction.  This court lacks jurisdiction to "remove" a deportation officer (Doc. 10), prevent Lawal's removal from the United States or review the merits of the Immigration Court's decision for removal (Doc. 17), require the Department of Homeland Security to release documents (Doc. 19), or enforce compensation of his Social Security retirement funds (Doc. 21).

**CONCLUSION**

For the foregoing reasons, Lawal's petition (Doc. 1), and all pending motions (Docs. 9, 10, 17, 19, and 21) are due to be denied.  An appropriate order will be entered.

**DONE** and **ORDERED** this ____7th____ day of November, 2011.

                                               **R. DAVID PROCTOR**
                                               UNITED STATES DISTRICT JUDGE